[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10674

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CALVIN DWIGHT WARE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:21-cr-00099-CLM-SGC-2

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Calvin Ware, Jr. pleaded guilty to conspiring to possess and distribute a controlled substance.  He argues that the district court erred at sentencing by ruling that guideline section 3B1.2's mitigating-role reduction didn't apply.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ware stipulated to the following facts in his plea agreement.  In September 2020, Russell Robinson drove to a Birmingham restaurant and Ware was his passenger.  There the two men met a person working as a confidential source for law enforcement.  The source had earlier offered to sell Robinson one kilogram of heroin and some methamphetamine.  Robinson had agreed to buy the drugs, but he told the source that he was concerned about the heroin's quality and would have someone "test it."

At the restaurant, the confidential source asked Robinson to confirm that he had money to pay for the drugs.  Ware exited the car, opened the trunk, and showed the source a backpack containing the money.  The entire group then left the restaurant for a nearby apartment complex. Robinson told the source to give some heroin to Ware to test, and the source told the two men to wait while he retrieved the heroin.  While waiting, Ware retrieved the backpack from the trunk.  Agents then arrested both Ware and Robinson.

After law enforcement found two digital scales and 39.1 grams of heroin in a search of Robinson's apartment, a grand jury indicted Ware and Robinson for conspiring to possess and distribute one kilogram or more of heroin and fifty grams or more of methamphetamine. Ware pleaded guilty to conspiring to possess and distribute at least 100 grams of heroin, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(B). For sentencing purposes, Ware stipulated that he was responsible for more than 700 grams of heroin but less than one kilogram.

The presentence investigation report calculated Ware's base offense level at 28, and then subtracted three levels for Ware's acceptance of responsibility. This resulted in a total offense level of 25 and a guideline imprisonment range of seventy to eighty-seven months. Ware objected to the total offense level. He argued that it should have been adjusted to 21 because guideline section 3B1.2's mitigating-role reduction applied.

The district court overruled his objection, citing application note 3(B) of that guideline. It found that Ware conspired to possess and distribute at least one kilogram of heroin and was convicted for an offense less serious than his actual conduct. The district court explained that if Ware had been convicted for conspiring to possess and distribute at least one kilogram of heroin, then he would have faced a statutory minimum sentence of ten years. But through his plea agreement, the district court explained, Ware pleaded to a less serious offense with a mandatory minimum of only five years.

The district court then sentenced Ware to seventy months' imprisonment, to be followed by four years of supervised release.

## STANDARD OF REVIEW

"[A] district court's determination of a defendant's role in the offense is a finding of fact" that we review for clear error. *United States v. Rodriguez de Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). We will not disturb the district court's factual findings "unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quoting *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010)).

## DISCUSSION

Guideline section 3B1.2 provides that a defendant's offense level should be decreased by four levels if he was a "minimal participant" in the criminal activity, by two levels if he was a "minor participant," and by three levels if his involvement falls in between "minimal" and "minor." "[T]he proponent of the downward adjustment bears the burden at all times of establishing [his] role in the offense by a preponderance of the evidence." *Rodriguez de Varon*, 175 F.3d at 934.

22-10674               Opinion of the Court                    5

Ware argues that the district court clearly erred by finding that he was not a "minimal" or "minor" participant" in the heroin conspiracy.[1] We disagree.

We first address the district court's application of note 3(B). Note 3(B) provides that a mitigating-role reduction "ordinarily is not warranted" when a defendant "receive[s] a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct."

The district court found that Ware's actual criminal conduct was conspiring to possess and distribute at least one kilogram of heroin. Ware contends that he did not actually intend to distribute a kilogram or more because he planned to keep the tested heroin— a portion of the confidential source's kilogram—for his own "personal use." But considering the facts that Ware stipulated to, the district court found that Ware did not intend to keep any heroin out of the one-kilogram batch for himself.

We cannot say that finding was clearly erroneous. Ware stipulated that Robinson and the confidential source discussed the sale of one kilogram, that he joined Robinson at the sale to test the entire batch's quality, and that he showed the source that the two men had enough money to purchase the kilogram. *Cf. United States*

---

[1] Ware's plea agreement waived his right to appeal his sentence absent certain exceptions. Because the government did not argue that we should dismiss the appeal or affirm his sentence on that basis, we treat that issue as abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

*v. Matthews*, 3 F.4th 1286, 1289 (11th Cir. 2021) ("The sentencing court's factual findings may be based upon facts admitted by the defendant's guilty plea . . . ." (citation omitted)).  So even if Ware's view of the evidence was permissible, so too was the district court's finding that Ware conspired to distribute a kilogram.  And its choice between two permissible views of the evidence "cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (citation omitted); *see also Rodriguez de Varon*, 175 F.3d at 945.

Because the district court adopted a permissible view of the evidence—that Ware's actual conduct was conspiring to possess and distribute at least one kilogram of heroin—it correctly explained that Ware received a lower offense level by being convicted of an offense "significantly less serious" than warranted by his actual conduct.  U.S.S.G. § 3B1.2 cmt. n.3(B).  Ware's actual conduct would have warranted a ten-year minimum sentence but for his pleading to a lesser-included offense that required only a five-year minimum.  21 U.S.C. § 841(b)(1)(A)(i); *id.* § 841(b)(1)(B)(i).[2]  Ware maintains that he was not convicted of a significantly less serious offense than the one Robinson was convicted of.  But the relevant offense under note 3(B) is not his codefendant's offense.  Instead, it is the offense that Ware's actual conduct would have supported.  *See* U.S.S.G. § 3B1.2 cmt. n.3(B) ("For example, if a defendant

---

[2] The district court only cited the mandatory-minimum disparity, but we also recognize that Ware's plea deal afforded him a double benefit:  it decreased his base offense level from 30 to 28. *See* U.S.S.G. § 2D1.1(c)(5).

whose actual conduct involved a minimal role in the distribution of 25 grams of cocaine . . . is convicted of simple possession of cocaine . . . , no reduction . . . is warranted . . . .").

Thus Ware's case is one in which section 3B1.2 "ordinarily" does not apply. *Id.* That his plea deal already afforded him a lower offense level despite his more serious conduct means he "is not substantially less culpable than a defendant whose only conduct involved the less serious offense." *Id.* We have no "definite and firm conviction" that Ware satisfied his burden of proving to the district court that this is an extraordinary case. *Cruickshank*, 837 F.3d at 1192 (citation omitted); *see also Rodriguez de Varon*, 175 F.3d at 934.

Even if we agreed with Ware that note 3(B) does not apply here, we would still affirm his sentence. *See United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012) ("[W]e may affirm for any reason supported by the record, even if not relied upon by the district court." (cleaned up)). The district court relied exclusively on note 3(B) in overruling Ware's objection, but Ware also argued to the district court (and to this court) that the totality of circumstances justified a reduction under section 3B1.2. He cited the commentary's five factors relevant to analyzing a defendant's role: (1) how much he "understood the scope and structure of the criminal activity," (2) how much he "participated in planning or organizing" it, (3) how much he "exercised decision-making authority," (4) the "nature and extent" of his participation, "including the acts [he] performed" and the discretion he had to do so, and (5) how

much he "stood to benefit" from the activity.    U.S.S.G. § 3B1.2 cmt. n.3(C).

Although Ware argues that his role was limited to only testing the heroin's quality and that he did not help plan the sale, the undisputed facts show he was not just the tester.  Ware also rode to the restaurant and apartment complex in the same vehicle, knew about the backpack of money, showed the money to the confidential source to confirm that Ware and Robinson could pay for the heroin, and grabbed the money after the source told the other two men he would return to them with the heroin.  Thus, even if Ware's role was less significant than Robinson's role, it was not unimportant enough to make him a minimal or minor participant.  Ware understood the scope and structure of the activity (buying heroin that he would test for Robinson).  He exercised at least some decision-making authority (by assuming responsibility of the purchase money).  And the nature and extent of his participation were significant (accompanying Robinson to both the restaurant and apartment, confirming they had the purchase money, grabbing the purchase money after the confidential source left to retrieve the heroin, and being present to test the heroin's quality).

Because the district court did not clearly err by overruling Ware's objection to his offense level, we affirm.

**AFFIRMED.**